

Minyao Wang
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Minyao.Wang@lewisbrisbois.com
Direct: 646.989.9428

January 27, 2026

**VIA ECF**

Judge John Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Lu v. Jumei International Holding Limited,* Case No. 1:26-cv-00082-JGK

Dear Judge Koeltl:

Pursuant to Rule III (B) of Your Honor's *Individual Rules of Practice*, Defendant Jumei International Holding Limited ("Jumei") respectfully requests a pre-motion conference to obtain leave to move to dismiss Plaintiff Kevin Lu's complaint on the basis of doctrine of *forum non conveniens* and pursuant to F.R.C.P. 12(b)(6) for failure to state a claim.[1] Jumei also requests that the Court stay Jumei's February 2, 2026 deadline to answer the Complaint until the Court can conduct the requested pre-motion conference and set a briefing schedule. With respect to scheduling, the Lunar New Year celebrations, which both Jumei and undersigned counsel observe, start on February 16, 2026.

Mr. Lu commenced this action in New York State Court on December 3, 2025, alleging a single count of fraudulent misrepresentation against Jumei, a corporation registered in the Cayman Islands and based in China. Jumei timely removed to this Court based on federal diversity jurisdiction.[2] Mr. Lu is no stranger to litigation against Chinese companies. It appears to Jumei that Mr. Lu does not have a normal 9-5 job. He is a professional serial litigant who buys a small number of shares in Chinese corporations and then brings lawsuits against them hoping to extract nuisance settlements. In a remarkable admission to Judge Gary Stein of this District, Mr. Lu stated that he "is engaged in suits

---

[1] Depending on feedback from its agent for process, Jumei may also move based inadequate service.
[2] The parties discussed a remand if Mr. Lu limited the amount of damages to $75,000. No agreement was reached. In any event, jurisdiction is determined solely based on the allegations on the complaint. *See Harty v. West Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (subject matter jurisdiction is "based solely on the allegations of the complaint and exhibits attached to it").

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND •MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

170329775.2

Hon. Judge John Koeltl
January 27, 2026
Page 2

with other Chinese companies in *different jurisdictions*, which necessitates travel to Hong Kong for depositions." *See Lu v. Cheer Holding, et al.*, 1:24-cv-00459-RA-GS, ECF No. 105, n.1 (S.D.N.Y. March 1, 2025) (emphasis added).

Like Jumei, Cheer Holding is a China-based corporation registered in the Cayman Islands. Judge Ronnie Abrams twice dismissed Mr. Lu's litigation against Cheer Holding. Mr. Lu's first complaint, based on Cayman law, was dismissed on *forum non conveniens* grounds. *Lu v. Cheer Holding Inc.*, No. 24-CV-459 (RA), 2024 WL 4149869 (S.D.N.Y. Sept. 10, 2024). In that dismissal, Judge Abrams recommended that Mr. Lu think long and hard before filing an amended complaint. *Id*. at 10. Ignoring that sound advice, Mr. Lu filed an amended complaint to assert U.S. securities claims. Judge Abrams dismissed again, concluding that Mr. Lu's new claims were "***entirely*** implausible" and contrary to the plain language of Cheer Holding's public filings. *Lu v. Cheer Holding, Inc*., No. 24-CV-459 (RA), 2025 WL 2371153, at *5 (S.D.N.Y. Aug. 14, 2025) (emphasis added). The Court refused to presume that Mr. Lu had a "child-like simplicity" when he reviewed regulatory filings. *Id*. at *4. This second dismissal was with prejudice because a "liberal" reading of Mr. Lu's factual allegations foreclosed any pathway to relief rendering another amendment futile. *Id*. at *6.

Mr. Lu's new extortionate litigation against Jumei fares no better than his two ill-fated complaints against Cheer Holding. Mr. Lu alleges that Jumei's shares were traded on the New York Stock Exchange from 2014 to 2020. Mr. Lu claims that he owned 19,374 shares of Jumei's American Depositary Receipts (ADRs). Complaint, ¶ 11 (ECF No. 1-1). In early 2020, Jumei received an offer from its chairman to take the company private. *Id.* at ¶ 13. The company formed a special committee and retained blue-chip professional advisors to review the proposed transaction. *Id.* at ¶ 14. Based on this review, the Company accepted the offer, and the transaction was consummated on April 14, 2020. *Id.* at ¶ 5. In exchange for relinquishing his shares, Mr. Lu was paid $20 per ADR. *Id.* at ¶ 13. In other words, he was paid a total of $387,480 based on his claimed ownership of ADRs.

Almost six long years after the closing of the transaction, Mr. Lu initiated this litigation, asserting fraudulent misrepresentation against Jumei. *See id.* at ¶¶ 34-39. Mr. Lu points to alleged statements made by Jumei on February 26, 2020, March 20, 2020, and April 9, 2020 that ***under Cayman corporate law*** shareholders like Mr. Lu were not entitled to appraisal. *See id.* at ¶ 19. Mr. Lu claims that these statements were false and that shareholders were in fact entitled to appraisal. *Id.*at ¶¶ 20-25. Mr. Lu claims that had he not been misled he would have requested an appraisal and that had he requested an appraisal he would have received more payments for his ADR shares. *Id.* at ¶¶ 32-33.

Mr. Lu's Complaint is subject to dismissal for multiple reasons. As an initial matter, like the *Cheer Holding* litigation, this case squarely raises legal issues on the relationship between a Cayman corporation and its shareholders. As the Second Circuit has held, "questions relating to the internal affairs of corporations are decided in accordance with the law of the place of incorporation." *Scottish Air Int'l, Inc. v. British Caledonian Group, PLC*, 81 F.3d 1224, 1234 (2d Cir. 1996). Therefore, Cayman law governs Mr. Lu's case. In addition, Mr. Lu's claim also implicates the right to appraisal

Hon. Judge John Koeltl
January 27, 2026
Page 3

under *Cayman* law. This is a paradigmatic case for *forum non conveniens* dismissal, both to conserve the finite resources of this Court and to show comity to a foreign jurisdiction with a far greater interest in the case. In her first dismissal in *Cheer Holding*, Judge Abrams analyzed the *forum non conveniens* factors and concluded that Mr. Lu's challenge to Cheer Holding's going-private transaction must proceed in the Cayman Islands. *See* 2024 WL 4149869, at *3-10. Judge Abrams determined that the Cayman Islands had a compelling interest in having a Cayman corporate dispute resolved in its own court under its own law. In other words, "[t]here is little sense to allowing a U.S. citizen to haul a ... foreign defendant [ ] into a U.S. court on transactions having little or nothing to do with this country where there is an available foreign forum significantly better suited to handling the litigation in a prompt, efficient and effective manner." *Id*. at *10. This same result is required here.

In the alternative, Jumei seeks leave to move for dismissal for failure to state a claim. Dismissal is required regardless of whether this Court applies New York or Cayman law. Under the law of both jurisdictions, misrepresentation requires (among other things) a false statement, an intent to deceive (or recklessness), and damages caused by the alleged misrepresentation. Mr. Lu cannot plausibly allege these elements. The transaction at issue was a "short form merger." It is undersigned counsel's understanding, based on feedback from so far from Cayman counsel, that the plain text of Section 238 of the Companies Act of the Cayman Islands does not give appraisal right to shareholders in a short-form merger. When Jumei went through its transaction in 2020, there was no judicial decision holding to the contrary and multiple short-form mergers were consummated without offering appraisal right. It was not until the end of 2023, more than three years after the close of the Jumei transaction, that the Privy Council in London held that, as a matter of constitutional principle, Section 238 should be read to provide a right of appraisal in short form mergers. Therefore, given the state of the law in 2020 when the statements were made, and based on the actions of other companies at the time, Jumei's statements were not false. Moreover, Jumei did not act upon guilty knowledge or willful ignorance, and could not have had the intent to deceive, as it acted upon the state of the law as it reasonably understood it based on the advice of counsel. *See Estrada v. Dugow*, 15 Civ. 3189 (ER), 2016 WL 7017412, at *10 (S.D.N.Y. Nov. 30, 2016) ("Intent to deceive must be shown by evidence of 'guilty knowledge or willful ignorance'"). Moreover, Mr. Lu cannot assert a damages for fraud based on mere speculation. Mr. Lu merely says that had he asked for an appraisal, he would have been paid more. This is analogous to a "holder claim" where a plaintiff seeks damages "based on the value that would have been realized in a hypothetical sale." *Beach v. Citigroup Alternative Invs., LLC*, No. 12 Civ. 7717(PKC), 2014 WL 904650, at *16 (S.D.N.Y. Mar. 7, 2014). In *Beach*, this Court held that a plaintiff must show *actual damages* to sustain a claim for fraudulent misrepresentation. *Id.* at *17 (citing *Starr Found. v. Am. Int'l Grp.*, 901 N.Y.S.2d 246, 257 (1st Dep't 2011)). Mr. Lu's Complaint does not allege *any facts*, let alone *plausible facts*, sufficient to show that, had he asked for an appraisal, he would have been paid more for his ADRs.

For the foregoing reasons, Jumei respectfully requests a pre-motion conference to seek leave to move to dismiss the Complaint and to stay the deadline to answer pending this conference. I thank the Court for its consideration.

LEWIS BRISBOIS BISGAARD & SMITH LLP
www.lewisbrisbois.com

Hon. Judge John Koeltl
January 27, 2026
Page 4

                Respectfully,

                /s/ Minyao Wang

                Minyao Wang